UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

J.P. MORGAN CHASE BANK,

        Plaintiff,

   v.

CEDRIC V. PETERSON,

        Defendant.

NO. CIV. S-05-01355 WBS GGH

MEMORANDUM AND ORDER RE: MOTION TO REMAND

----oo0oo----

Plaintiff J.P. Morgan Chase Bank ("the Bank") filed this lawsuit in the Superior Court of California in and for the County of Sacramento to enforce its ownership interest in the residence of defendant Cedric V. Peterson ("Peterson"), which was obtained through a non-judicial foreclosure.[1]  Peterson removed the case to this court and the Bank now seeks remand, arguing that removal was procedurally defective and furthermore improper

---

[1] Note that the party identities in this order differ from the court docket.  In filing his notice of removal, Peterson incorrectly identified himself as the plaintiff, resulting in an error in how this case was captioned.  (See Def.'s Notice of Removal).

1

because the matter could not have originally been filed in federal court.

I.   Factual and Procedural Background

The tortured history of this case concerns the ownership and retention of a single family residence located at 8675 Elm Avenue, Orangevale, CA 95662 ("the property"). After Peterson failed to meet his payment obligations, the Bank, as the beneficiary under a Deed of Trust, executed a non-judicial foreclosure sale on April 10, 2003 through which the property was sold. (Pl.'s P. & A. in Supp. of Mot. to Remand at 2). Peterson responded by filing a pro se suit in state court, asking the court to (1) set aside the sale, (2) cancel the trustee's deed, and (3) quiet title. (Id.). Peterson also alleged fraud and requested an accounting of any amount still owed to the Bank under the loan as well as injunctive relief. (Pl.'s Req. For Judicial Notice in Supp. of Mot. to Remand Ex. A, Compl. ¶¶ 13-36, 37-40, 63-65, J.P. Morgan Chase Bank v. Peterson, No. 04-civ-02492 (E.D. Cal. Mar. 10, 2005) (defendant's state court complaint)). The state court awarded summary judgment on all counts to the Bank.

When Peterson failed to vacate the property following the state court's ruling, the Bank brought suit, again in state court, alleging unlawful detainer following the foreclosure sale and praying for (1) restitution of the property, (2) $30 per day for each day beyond April 10, 2003 that Peterson retained possession of the property, and (3) attorney's fees. Peterson removed the unlawful detainer case to federal court based on arguments for diversity jurisdiction, (Def.'s Notice of Removal,

J.P. Morgan Chase Bank v. Peterson, No. 04-civ-02492 (E.D. Cal. Jan. 27, 2005)), and then submitted an unopposed motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss Pursuant to Rule 41). Judge England granted the Rule 41 motion without prejudice. J.P. Morgan Chase Bank v. Peterson, No. 04-civ-2492, slip op. at 2 (E.D. Cal. Jan. 26, 2005).

After obtaining counsel, Peterson next filed his own federal suit against the Bank, alleging (1) breach of contract, (2) wrongful foreclosure, (3) violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601-1667f (TILA), (4) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (RESPA), (5) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d (FDCPA), and other state law violations. (Compl. ¶¶ 13-30, Peterson v. J.P. Morgan Chase Bank, No. 05-civ-0423 (E.D. Cal. Mar. 2, 2005)). That case, Peterson v. J.P. Morgan Chase Bank, No. 05-civ-0423, is currently before Judge Damrell.

Meanwhile, Judge England granted the Bank's motion to remand the dismissed wrongful detainer suit, finding that removal based on diversity jurisdiction was procedurally defective because Peterson was a citizen of the state where suit was filed. J.P. Morgan Chase Bank, No. 04-civ-2492, slip op. at 4, 6 (E.D. Cal. Apr. 27, 2005). Additionally, the amount in controversy in a California wrongful detainer case, the rental value of the property wrongfully detained, did not meet the statutory minimum, $75,000, required for diversity jurisdiction. Id. at 4. Because Peterson had proceeded pro se, however, Judge England rejected

3

1  the Bank's request for attorney's fees under 28 U.S.C. § 1447(c)
2  (2000) and awarded only the Bank's costs in filing the motion to
3  remand.  Id. at 5.
4         After the BAnk renewed its pursuit of the wrongful
5  detainer claim in state court, Peterson again removed the case to
6  this court.  (Def.'s Notice of Removal).  Pursuant to Local Rule
7  83-123, Peterson was required to file a Notice of Related Cases.
8  Judge England declined this request to relate or reassign the
9  cases, finding such a course of action "inappropriate."  J.P.
10 Morgan Chase Bank, No. 04-civ-2492, slip op. at 1 (E.D. Cal. Aug.
11 3, 2005).  Consequently, in that case Judge Damrell will
12 determine the outcome of Peterson's state and federal claims
13 generally alleging defective process in the establishment of the
14 loan for the property and wrongful disclosure.  The sole claim
15 before the court in this case is therefore the Bank's claim
16 against Peterson for wrongful detainer.
17 II.  Discussion
18        In opposition to the Bank's motion to remand, Peterson
19 urges the court to postpone its decision until Judge Damrell
20 rules on the Bank's motion for summary judgment in case No.
21 05-civ-0423.  However, although Judge Damrell's decision may
22 alter the rights of the parties with respect to the property,
23 Judge England has already ruled that determinations of the issues
24 before this court and Judge Damrell need not be concurrent.  Id.
25 The cases have not been related.
26        Moreover, the law instructs this court to consider the
27 Bank's motion to remand before entertaining Peterson's arguments
28 to await Judge Damrell's decision.  Jurisdiction is a preliminary

matter that should be resolved before decisions regarding the pace of the case. Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) ("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate."); see also Villarreal v. Chrysler Corp., No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum."). Finally, the outcome of the Bank's summary judgment motion before Judge Damrell has no bearing on whether the court's exercise of jurisdiction over the wrongful detainer claim in this case was proper. Peterson's federal claims against the Bank in another matter, decidedly separate and apart from the one before this court, have no influence on a determination of jurisdiction. Therefore, the court will address the merits of the Bank's motion to remand.

### A.  Standard for Remand

A party can remand a case to state court after removal to federal court when the case lacks grounds for federal jurisdiction or removal was procedurally improper. 28 U.S.C. § 1447(c). Any questions regarding the propriety of removal are resolved in favor of the party moving for remand. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The Bank alleges that removal was both procedurally and substantively defective in this case.

1     A defendant may remove from state to federal court any case
2 that "aris[es] under the Constitution, treaties or laws of the
3 United States . . . ." 28 U.S.C. § 1441(a)-(b).  The claim
4 arising under federal law on which jurisdiction is based must,
5 however, come from the plaintiff's complaint.  <u>Louiseville &
6 Nashville R.R. v. Mottley</u>, 211 U.S. 149 (1908).  Defendant's
7 defenses and counterclaims, even compulsory counterclaims, cannot
8 provide the basis for "arising under" jurisdiction.  <u>Holmes
9 Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826,
10 830-32 (2002).  In other words, defendant's answer has no bearing
11 on whether federal jurisdiction is proper.  <u>Id.</u> at 831.
12         The rule for removal of diversity cases is more
13 restrictive.  Diversity jurisdiction exists when a dispute arises
14 between "citizens of different states" over an amount greater
15 than $75,000.  28 U.S.C. § 1332(a).  In the Ninth Circuit, the
16 amount in controversy in suits other than class actions can be
17 calculated from the defendant's viewpoint (the amount defendant
18 stands to lose) or the plaintiff's viewpoint (the amount the
19 plaintiff stands to gain).  <u>Ridder Bros., Inc. v. Blethen</u>, 142
20 F.2d 395, 399 (9th Cir. 1944) ("The value of the 'thing sought to
21 be accomplished by the action' may relate to either or any party
22 to the action." (citation omitted)); <u>see also</u> <u>Kanter v.
23 Warner-Lambert Co.</u>, 265 F.3d 853, 858 (9th Cir. 2001)
24 (noting that <u>Ridder Bros.</u> remains good law only in non-class
25 action cases).  But such cases can be removed "<u>only if</u> [no
26 defendant] is a citizen of the State in which the action is
27 brought" when notice of removal is filed.  28 U.S.C. § 1441(b)
28 (emphasis added); <u>Spencer v. U.S. Dist. Court for N. Dist. of</u>

6

Cal., 393 F.3d 867, 871 (9th Cir. 2004) (holding that the "forum defendant rule" of § 1441(b) "applies at the time the notice of removal is filed").

   B.   Analysis of Defendant's Notice of Removal

Whether based on federal question or diversity jurisdiction, Peterson's removal of the Bank's wrongful detainer action was improper. In his notice of removal, Peterson cited several federal statutes, including TILA, RESPA, and FDCPA, as grounds for federal question jurisdiction in this case. (Def.'s Notice of Removal at 3). Those statutes are all, however, the basis of Peterson's claims against the Bank and consequently they cannot justify removal of the Bank's unlawful detainer action because "arising under" jurisdiction only considers the claims made in the complaint. Holmes Group, 535 U.S. at 831.

Likewise, removal cannot be predicated upon diversity jurisdiction for procedural reasons. The plain language of the second sentence of 28 U.S.C. § 1441(b), sometimes called the "forum defendant rule" in the Ninth Circuit, prohibits removal of cases that might have been brought in federal court on diversity grounds when the case is before a court in defendant's home state. See Spencer, 393 F.3d at 871. As noted in Judge England's remand order, "at the time of removal Defendant was a citizen of the state in which the action was brought." J.P. Morgan Chase Bank, No. 04-civ-2492, slip op. at 4 (E.D. Cal. Apr. 27, 2005); (see also Def.'s Opp'n to Pl.'s Mot. to Remand and for the Imposition of Sanctions at 3-4). Petersont has never disavowed his California citizenship in these proceedings. Therefore, regardless of whether the Bank could have filed this

wrongful detainer action in federal court on diversity grounds, Peterson cannot remove it.

  C. <u>Attorneys' Fees</u>

    Plaintiff has asked the court to "sanction" Peterson by awarding the costs incurred by the BAnk in response to Peterson's removal notices. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While the court will entertain the BAnk's request, it first notes that "the court's award of fees . . . is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." <u>Moore v. Permanente Med. Group, Inc.</u>, 981 F.2d 443, 447 (9th Cir. 1992). Sanctions, as discussed below, are a separate matter.

    In his order for remand, Judge England declined to award attorney fees because of Peterson's pro se status. <u>J.P. Morgan Chase Bank</u>, No. 04-civ-2492, slip op. at 5 (E.D. Cal. Apr. 27, 2005). But he also noted that removal was clearly improper. <u>Id.</u> For the case now before this court, Peterson obtained representation and then filed a nearly identical notice of removal, again in response to the Bank's wrongful detainer action. The court is baffled as to why Peterson's attorneys would file a removal notice in light of Judge England's prior determination that removal of the Bank's wrongful detainer action was improper. While a pro se litigant "may not be verse in federal civil procedure," (<u>id.</u>), defendant's attorneys are not judged by the same lenient standard.

8

The Bank has requested reimbursement of $5,860.00, which represents the fees incurred in pursuit of its action for wrongful detainer. Included in this amount are $780 in attorney fees "for briefing the state court" and "$3,510.00 for researching and preparing the instant Motion to Remand." These same items and amounts were included in the Bank's previous motion to remand before Judge England. The court declines the Bank's request to award costs already denied by Judge England. However, because Peterson's second notice of removal, for what was essentially the same matter as that presented to Judge England, was, if possible, even more clearly improper, the court awards the Bank its reasonable attorney's fees for preparing a second motion to remand in the stated amount of $1,720.00.[2]

Although the Bank mentions Federal Rule of Civil Procedure Rule 11 sanctions as well, this request is procedurally deficient and will not be considered. Rule 11 plainly requires that "motions for sanctions . . . be made separately from other motions." Fed. R. Civ. P. 11. In simply mentioning "sanctions under Federal Rule of Civil Procedure § [sic] 11" in its motion for remand, the Bank failed to meet the precise requirements for a Rule 11 motion for sanctions. See <u>Arellano v. Home Depot U.S.A., Inc.</u>, 245 F. Supp. 2d 1102, 1109 (S.D. Cal. 2003) (declaring Home Depot's request for sanctions "procedurally defective" because it "was contained in its opposition to plaintiff's motion to remand").

---

[2] Because Peterson did not object to the Bank's calculation of the attorneys fees incurred in defense of defendant's second notice removal, the court assumes the amount proposed by the Bank is reasonable.

9

1    IT IS THEREFORE ORDERED that plaintiff's motion to
2 remand be, and the same hereby is, GRANTED, and this matter is
3 hereby REMANDED to Superior Court of the State of California in
4 and for the County of Sacramento.
5    IT IS FURTHER ORDERED that plaintiff recover its
6 reasonably incurred attorney fees in the amount of $1,720.00.
7 DATED: September 21, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE